IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL GREER, Inmate #B-05031,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 06-941-MJR** |
| ) | |
| **ILLINOIS DEPARTMENT OF** ) | |
| **CORRECTIONS,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, formerly an inmate in the Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

In this action, Plaintiff challenges two disciplinary tickets. The first was issued in July 2005, while he was incarcerated at the Southwestern Correctional Center. Although the details in the complaint are sketchy, it appears Plaintiff was charged with providing false information to an officer regarding a medical condition. He was found guilty and punished with two months at C-grade, 13 days in segregation, the revocation of one month of good conduct credit, and a transfer to a medium-security facility.

This first claim, therefore, is a challenge to disciplinary proceedings that resulted in the loss of good time credit as well as time in disciplinary segregation. Specifically, Plaintiff is challenging Defendants' failure to permit him to sufficiently explain his side of the story. Proof of such a claim could invalidate the disciplinary proceeding, which in turn would invalidate Plaintiff's punishment of the revocation of one month of good time credit. The proper method for challenging the revocation of good time credit is habeas corpus, but only after Plaintiff has exhausted his remedies through the Illinois state courts. *See, e.g., Heck*, 512 U.S. at 480-81. The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *Taylor v. Franzen*, 93 Ill.App.3d 758, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill.App. 1981). *See also United States ex rel. Isaac v. Franzen*, 531 F. Supp. 1086, 1091-94 (N.D. Ill. 1982). The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 ILCS 5/14-101 *et seq*. to consider the merits of Plaintiff's claim. Therefore, his claim regarding the ticket at Southwestern is dismissed from this action without prejudice to bringing this claim in habeas corpus, but only after he has exhausted his state court remedies.

Upon his arrival at Pinckneyville, Plaintiff apparently made the same representations regarding his medical condition. In February 2006, he received a disciplinary ticket for providing false information to an officer; that ticket resulted in a guilty finding and the loss of one month of

commissary privilege. However, Plaintiff has no protected liberty interest in his ability to shop. *See, e.g., Thomas v. Ramos,* 130 F.3d 754, 762 n.8 (7th Cir. 1997). It follows that he suffered no due process violation from this second ticket, and this claim is dismissed from this action with prejudice.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED this 11th day of April, 2007.**

          **s/ Michael J. Reagan**
          **MICHAEL J. REAGAN**
          **United States District Judge**